**\*NOT FOR PUBLICATION\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANNA CROAT,<br><br>                              Plaintiff,<br><br>     v.<br><br>MISSION FINE WINES, INC. and/or JOHN DOES (1-10), individually, jointly and severally,<br><br>                              Defendant. | Civ. Action No. 19-17786 (FLW)<br><br>**OPINION** |

**WOLFSON, Chief Judge:**

This matter comes before the Court on a motion to dismiss under Federal Rules of Civil Procedure 12(b)(2), filed by Defendant Mission Fine Wines, Inc. and/or John Does (1-10) ("Mission")("Defendant"), seeking dismissal of the Complaint by Plaintiff Anna Croat ("Plaintiff") for lack of personal jurisdiction. Alternatively, Defendant seeks dismissal of the Complaint under Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim. For reasons set forth herein, this Court lacks personal jurisdiction over Defendant, and Defendant's motion to dismiss is **GRANTED**.

I.     **BACKGROUND**

Defendant is a business entity existing and incorporated under the laws of the State of New York, with its principal place of business located in Staten Island, New York. Compl. at ¶ 3. Plaintiff was hired as an Account Manager by Defendant on November 1, 2018. Palmiotti Aff. at ¶ 8.[1] Throughout her employment, Plaintiff was at all relevant times a citizen of New Jersey.

---

[1] As explained more fully *infra*, for the purposes of assessing personal jurisdiction, the Court may rely on affidavits submitted by the parties to resolve jurisdictional facts.

1

Compl. at ¶ 2. At the time Plaintiff accepted employment, the parties agreed that Plaintiff would work three days a week from the Defendant's main office in Staten Island, New York, and two days a week from the Defendant's Yadley, Pennsylvania office. *Id.* at ¶ 8; Palmiotti Aff. at ¶ 9. While Plaintiff alleges she also would work one day a week from her home in New Jersey, Defendant explained that Plaintiff was never required to do so. Compl. at ¶ 8; Palmiotti Aff. at ¶ 10. Instead, Plaintiff was informed that there would be occasions where she would not be required to report to either out-of-state office, and she could work from home then, if she chose. Palmiotti Aff. at ¶ 10. During the course of the employment, Plaintiff alleges that she worked from her home in New Jersey approximately one day a week. Compl. at ¶ 8.

Approximately two weeks after her hire date, Plaintiff became pregnant. *Id.* at ¶ 12. Because Plaintiff needed to attend various pregnancy-related medical appointments, she requested reasonable accommodations from Defendant to attend those appointments. *Id.* at ¶ 13. Plaintiff alleges that in April 2019, she had given advance notice to leave work early for a pregnancy-related appointment, and her supervisor made a remark about the frequency of her medical appointments by comparing her to her male coworker. *Id.* at ¶¶ 15-16. According to Plaintiff, her supervisor then informed her that working from home was no longer possible, because Plaintiff's male coworker did not have that option. *Id.* at ¶ 17. A short time later, on April 15, 2019, Plaintiff was fired by Defendant. *Id.* at ¶ 18. Plaintiff alleges the grounds for termination was that she was not "passionate enough" and that she "was not making enough sales." *Id.* Plaintiff claims these grounds for termination were pretext for unlawful sex discrimination, since Plaintiff's performance had always exceeded expectations, she had never been notified of any performance deficiencies, and had never been given a negative performance review. *Id.* at ¶¶ 18, 19. Plaintiff alleges that under these facts, Defendant violated New Jersey

Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, *et seq.*, and Plaintiff is therefore entitled to damages. Compl. at ¶¶ 1, 34.

On July 31, 2019, Plaintiff filed a complaint against Defendant in the Superior Court of New Jersey, Law Division, Somerset County. In her Complaint, Plaintiff asserted claims for discrimination and retaliation against Defendant under NJLAD. Defendant removed the action to this Court on September 9, 2019. In the instant matter, Defendant moves to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction, or alternatively, for failure to state a claim. Specifically, Defendant argues Plaintiff failed to establish the requisite "purposeful availment" necessary for a finding of specific jurisdiction, as well as the requisite "systematic and continuous" activities in the forum state required for a finding of general jurisdiction. Alternatively, Defendant contends Plaintiff's Complaint should be dismissed for failure to state a claim, because NJLAD's protections apply only where the claimant was employed in New Jersey, and New Jersey was not Plaintiff's place of employment.

## II.  STANDARD OF REVIEW

"A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citing Fed. R. Civ. P. 4(e)); see also *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 144 (3d Cir. 1992)). "[T]he New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998) (citations omitted). Thus, the central inquiry is whether Defendant has "certain minimum contacts with.... [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316

(1945). In order to resolve this, the Court must determine whether it has general or specific jurisdiction over Defendant.

On a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), "when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc.*, 384 F.3d at 97; see also *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003). Still, plaintiff " 'bears the burden to prove, by a preponderance of the evidence,' that personal jurisdiction is proper." *Cerciello v. Canale*, 563 Fed.Appx. 924, 925 n.1 (3d Cir. 2014) (quoting *Carteret Sav. Bank*, FA, 954 F.2d at 146). "Once the plaintiff has shown minimum contacts, the burden shifts to the defendant, who must show that the assertion of jurisdiction would be unreasonable." *Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F.Supp.2d 629, 633 (D.N.J. 2004) (citing *Mellon Bank (East) PSFS v. Farino*, 960 F.2d 1217, 1226 (3d Cir. 1992)). In the context of assessing personal jurisdiction, "[w]hile disputed issues are construed in favor of the plaintiff, allegations may be contradicted by the defendant through opposing affidavits or other evidence, at which point the plaintiff must respond with 'actual proofs, not mere allegations.' " *Am. Bd. of Internal Med. V. Rushford*, No. 14-6428, 2015 WL 5164791, at *5 (D.N.J. Sept. 2, 2015) (quoting *Patterson by Patterson v. FBI*, 893 F.2d 595, 603 (3d Cir. 1990)).

### III. <u>DISCUSSION</u>

"There are two distinct theories under which personal jurisdiction can arise: general and specific." *Allaham v. Naddaf*, 635 Fed. Appx. 32, 37-38 (3d Cir. 2015) (citing *Grimes v. Vitalink Commc'ns Corp.*, 17 F.3d 1553, 1559 (3d Cir. 1994)). Here, I note that although Plaintiff does

not identify under which theory she is asserting jurisdiction, based on her brief, it appears that Plaintiff seeks to invoke this Court's specific jurisdiction over Defendant. Plaintiff argues that Defendant availed itself of New Jersey's law when it permitted Plaintiff to work from home in the New Jersey. However, regardless which theory Plaintiff pursues, Plaintiff cannot satisfy either jurisdictional ground.

> A. **General Jurisdiction**

General jurisdiction exists when the defendant's affiliations with the forum state are "so continuous and systematic as to render [it] essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal citations and quotations omitted). General jurisdiction allows a court to assert personal jurisdiction over an out-of-court defendant when "that party can be called to answer any claim against her, regardless of whether the subject matter of the cause of action has any connection to the forum." *Mellon Bank P.S.F.S. v. Farino*, 960 F.2d 1217, 1221 (3d Cir.1992). "With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (citation omitted). Indeed, when the forum is not the place of incorporation or principal place of business, "exceptional" circumstances are needed to establish general jurisdiction. *See id.* at 139 n.19.

Here, Plaintiff does not allege that Defendant is incorporated or has a principal place of business in New Jersey. Rather, in her Complaint, Plaintiff explicitly alleges that New Jersey is neither Defendant's state of incorporation nor principal place of business. Compl. at ¶ 3. Nor has Plaintiff alleged any facts sufficient to find that this is "an 'exceptional' case such that the place of incorporation/principal place of business rule should be disregarded." *Barth v. Walt Disney Parks & Resorts U.S., Inc.*, 697 Fed.Appx. 119, 120 (3d Cir. 2017). Rather, Plaintiff has only established that Defendant employed Plaintiff, a resident of New Jersey, and that Plaintiff

5

allegedly worked one day a week from her home in New Jersey, which was a personal choice made by Plaintiff. That single allegation, standing alone, falls far short of the "continuous and systematic" affiliations with New Jersey required to find that Defendant is subject to general jurisdiction in New Jersey. *See JWQ Cabinetry, Inc. v. Granada Wood & Cabinets, Inc.*, No. 13–4110, 2014 WL 2050267, at *3 (D.N.J. May 19, 2014) (finding that general jurisdiction was lacking, where the plaintiff "only offered evidence that shows that [the defendant] conducted some business in New Jersey . . . .").

Furthermore, Defendant's lack of "continuous and systematic" affiliations with New Jersey is supported by Defendant's Affidavit from Joseph Palmiotti. Defendant does not regularly conduct or transact business in New Jersey, nor does it have any offices or facilities in New Jersey. Palmiotti Aff. at ¶ 4. Defendant does not own, lease, possess, or operate real or personal property in New Jersey, and does not maintain a mailing address or post office box in New Jersey. Palmiotti Aff. at ¶ 4. Defendant also does not pay property taxes in New Jersey, does not have a bank account in New Jersey, and does not have a registered agent in New Jersey. Palmiotti Aff. at ¶ 5. While Defendant may have some consumers located in New Jersey, Defendant does not direct any advertisements specifically targeting residents of New Jersey nor does it derive substantial revenue from goods used or consumed, or services rendered in New Jersey. Palmiotti Aff. at ¶ 6. Plaintiff does not take issue with any of these facts. As such, general jurisdiction is clearly lacking.

### B.    Specific Jurisdiction

Specific jurisdiction exists over a non-resident defendant where the plaintiff's claim " 'arise[s] out of or relate[s] to the defendant's contacts with the forum.' " *Daimler*, 571 U.S. at 127 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 1414 n.8 (1984)); *see Bristol–Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1781 (2017) ("In

order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.' ") (quoting *Goodyear*, 564 U.S. at 919). Courts apply a three part test to determine whether specific jurisdiction over a non-resident defendant exists: "First, the defendant must have purposefully directed [its] activities at the forum. Second, the litigation must arise out of or relate to at least one of those activities. And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise comport[s] with fair play and substantial justice." *Petrucelli v. Rusin*, 642 Fed. Appx. 108, 110 (3d Cir. 2016) (internal citations and quotations marks omitted). In establishing specific jurisdiction, it is not necessary that the defendant be physically located in the forum state while committing the alleged act. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). Even a single act may satisfy the "purposeful availment" requirement if it creates a "substantial connection" with the forum. *Id.* at 476 n.18.

Here, Plaintiff argues that specific jurisdiction has been established in the instant case because Defendant permitted Plaintiff to work from her home in New Jersey one day a week. Plaintiff cites *Telebright Corporation Inc. v. Director, New Jersey Division of Taxation*, 424 N.J. Super. 384 (App. Div. 2012) for support. However, *Telebright* is legally and factually distinguishable. In *Telebright*, the court affirmed a Tax Court decision which found that an out-of-state corporation with a single employee who worked remotely full-time from her residence in New Jersey was "doing business in New Jersey" and was required to file New Jersey Corporation Business Tax returns. *Id.* at 388. *Telebright* is legally distinguishable from the instant case, because the court there was not analyzing whether New Jersey courts had personal jurisdiction over an employee-defendant of an out-of-state corporation, or whether the company

7

had purposefully availed itself of New Jersey's law. Instead, the court determined whether the company had sufficient "minimum connection" with New Jersey to permit taxation consistent with the Due Process Clause. *Id.* at 393. Moreover, *Telebright* is factually distinguishable, because the employee there worked from home in New Jersey on a full-time basis and was the only employee of the company. *Id.* at 388. In the instant case, even the most favorable reading of Plaintiff's Complaint establishes that Plaintiff spent only one-sixth of her time working for Defendant from her home in New Jersey. *See* Compl. at ¶ 8.

I agree with Defendant that Plaintiff, here, has failed to establish the requisite "purposeful availment" necessary for a finding of specific jurisdiction. "Under the purposeful availment inquiry, the act itself must deliberately target the forum state and establish such a relationship between the defendant and the forum such that it is reasonable to require the defendant to answer for such acts in that state." *Walburn v. Rovema Packaging Machs., L.P.*, No. 07-3692 (PGS), 2008 U.S. Dist. LEXIS 25369 (D.N.J. Mar. 28, 2008). Here, Plaintiff resides in New Jersey and she made the personal choice of working from her residence at times when Defendant did not require Plaintiff to work in either of its offices, i.e., New York or Pennsylvania. These were unilateral decisions by Plaintiff and not the result of deliberate direction or requirement by Defendant. Because it is well-established that "jurisdiction may not be exercised over a defendant merely 'on the basis of random, fortuitous, or attenuated contacts, or the unilateral activity of another party or a third person,'" specific jurisdiction over Defendant cannot attach under these circumstances. *Stevens v. Welch*, No. 10-3928, 2011 U.S. Dist. LEXIS 12142, at *7 (D.N.J. Feb. 7, 2011) (quoting *Deflora Lake Dev. Assocs. v. Hyde Park Ltd. P'ship*, No. 07-0899, 2007 U.S. Dist. LEXIS 78869, at *6 (D.N.J. Oct. 23, 2007)). The instant case is analogous to *Stevens*, where the court declined to find personal jurisdiction over an out-of-state defendant-

employer with a plaintiff-employee who was a New Jersey resident. *Stevens*, 2011 U.S. Dist. LEXIS 12142, at *11-14.  There, the plaintiff was also a salesperson who spent a substantial portion of his time traveling. *Id.* at *12-13. The court considered the totality of the circumstances and concluded there was no specific jurisdiction even though defendants had sent payments to plaintiff in New Jersey, plaintiff negotiated his employment contract from New Jersey, and defendants were aware that Plaintiff would work from home. *Id.* at *12. Specifically, the court noted "[t]hat Plaintiff chose to live in New Jersey and decided to use his home as a base of operations is a mere fortuity . . . and such fortuitousness cannot be the basis of personal jurisdiction without raising concerns of due process." *Id.* at *13.; *see also Walburn v. Rovema Packaging Machs., L.P.,* No. 07-3692, 2008 U.S. Dist. LEXIS 25369 (D.N.J. Mar. 28, 2008), at *20 ("Plaintiff's residence in New Jersey was a unilateral act in the sense that the contacts with the forum occurred as a result of Plaintiff's unilateral choice of residence," and therefore did not serve as the basis for personal jurisdiction over Defendant).

Accordingly, the Court lacks specific jurisdiction over Defendant.

## IV.    CONCLUSION

For the above reasons, Defendants' motion to dismiss for lack of personal jurisdiction is **GRANTED**. Because Defendant's motion to dismiss based on lack of personal jurisdiction is granted, I need not consider the remaining aspect of Defendant's motion to dismiss for failure to state a claim.

DATED:  April 21, 2020

/s/ Freda L. Wolfson
Hon. Freda L. Wolfson
U.S. Chief District Judge

9